**Barry R. MATTERN, Plaintiff,**

v.

**George SUMNER; the Attorney General of the State of Nevada, Defendants.**

**No. CV–R–86–8–ECR.**

United States District Court, D. Nevada.

May 15, 1986.

Samuel T. Bull, Reno, Nev., for plaintiff.

Bryan McKay, Atty. Gen., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Barry Richard Mattern petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Atkins pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate recommended that the petition should be dismissed without requiring respondents to answer because Mattern had not exhausted his state remedies. Mattern timely filed objections to the Magistrate's report and recommendation.

Mattern pleaded guilty to causing the death of another person while driving under the influence of intoxicating liquor, and voluntary manslaughter. *See* NRS § 484.-3795(1) and NRS § 200.070. Mattern was released from custody at the Northern Nevada Correctional Center on February 26, 1986.

In support of his petition, Mattern argues: (1) that he was illegally incarcerated within a maximum and medium security institution rather than a minimum security institution; and (2) that the failure to place him in a minimum institution resulted in his loss of 700 days good time credit.

■ A review of the record reveals that Mattern potentially has an avenue of review in the state courts. When denying his state habeas petition, the Nevada Supreme Court noted that the proper remedy for Mattern was a writ of mandamus. *Mattern v. Warden*, No. 16240 (Nev.S.Ct. Dec. 11, 1985). The Magistrate concluded, therefore, that he had not exhausted his state remedies. Report and Recommendation at 4. This Court, however, finds that it would be futile for Mattern to seek relief in the Nevada courts because in another case presenting the identical issues, the Nevada Supreme Court found that NRS § 484.3795 does not mandate placement in a minimum security institution. *See Maison v. Housewright*, Nos. 16435 and 16440 (Nev.S.Ct. Oct. 22, 1985). Thus, we review this peti-

tion on its merits. *See Wiley v. Sowders,* 647 F.2d 642, 647 (6th Cir.) *cert. denied* 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981).

Pursuant to Rule 4 of the Rules governing § 2254 cases, this Court may summarily dismiss the petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4. Because we find that Mattern is not being held in violation of the Constitution or laws of the United States, Mattern may not be granted habeas relief and the petition should be dismissed. *See Id.;* 28 U.S.C. § 2254(a).

At the time of Mattern's conviction, NRS § 484.3795 included the following sentence: "A person so imprisoned must be segregated insofar as practicable from offenders whose crimes were violent, and must be assigned to an institution of minimum security or, if space is available, to an honor camp, restitution center or similar facility." A classification statute that uses mandatory language (e.g., "must") can create a protected liberty interest. *Hewitt v. Helms,* 459 U.S. 460, 470–72, 103 S.Ct. 864, 870–71, 74 L.Ed.2d 675 (1983). However, in its 1985 session, the Nevada Legislature amended § 484.3795. The amended portion provides that at the time a person is imprisoned under that statute, unless he has a prior felony conviction or a history of violent criminal conduct "... he must, insofar as practicable, be segregated from offenders whose crimes were violent and be assigned to an institution of minimum security or, if space is available, to an honor camp, restitution center or similar facility." NRS § 484.3795.

A word-by-word comparison of the legislation suggests that segregation from violent offenders always has called for the exercise of discretion by prison authorities ("insofar as practicable"). However, the "must be assigned to an institution of minimum security" language of the former statute appears to have been changed to "insofar as practicable" in the amended version. Such comparison would support Mattern's position that, at the time of his conviction, assignment to a minimum security facility was mandatory.

The Nevada Supreme Court has ruled, however, that the former NRS § 484.3795 was unclear, and its amendment reflects the intent of the Legislature from the start. *See Maison v. Housewright,* Nos. 16435 and 16440 (Nev.S.Ct. Oct. 22, 1985). In its order, the unanimous Nevada Supreme Court, among other things, declared:

> "Furthermore, we conclude that the district court did not err by denying appellant's petition for a writ of mandamus. In particular, we note that the district court's conclusion that the Department of Prisons has discretion in the classification of criminal offenders is supported by former NRS 484.3795 and the recent amendments to that statute. *See generally Bd. of County Comm'rs v. CMC of Nevada,* 99 Nev. 739, 670 P.2d 102 (1983) (when a doubtful interpretation is rendered certain by subsequent amendment, the amendment is persuasive evidence of the purpose and intent of the legislature in passing the former statute)."

*Id.*

■ When the application of federal law depends on an interpretation of state law and no extraordinary circumstances exist, a federal court should defer to the ruling of the state's highest court on the issue. *Gentry v. MacDougall,* 685 F.2d 322, 323 (9th Cir.1982). The interpretation by the Nevada Supreme Court in *Maison* that the amendment of NRS § 484.3795 reflected the Legislature's intent that the Department of Prisons always was meant to have discretion in the classification of offenders under the statute, negates the creation of a constitutionally protected liberty interest in Mattern. *See Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 844 (9th Cir. 1985). A state prisoner may not be granted habeas corpus relief by a federal judge

unless the prisoner is being held in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

IT IS, THEREFORE, HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED.