Michael Goodwin, pro se.

Robert H. Henry, Atty. Gen. of Oklahoma and Steven Spears Kerr, Assistant Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before ANDERSON, BALDOCK and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Appellant Michael Goodwin is currently serving a twelve-year sentence in Oklahoma state penitentiary for repeated drug offenses. In September of 1989, Goodwin filed this habeas petition in federal district court, alleging that the Oklahoma Prison Overcrowding Emergency Powers Act,

**Michael GOODWIN, Petitioner–Appellant,**

v.

**STATE OF OKLAHOMA, Department of Corrections, R. Michael Cody, Gary Maynard, Respondents–Appellees.**

**No. 90–7001.**

United States Court of Appeals, Tenth Circuit.

Jan. 16, 1991.

7. Given this disposition, Mr. Wilkinson's appeal under Fed.R.App.P. 4(a)(3) is also dismissed.

Okla.Stat.Ann. tit. 57, §§ 570–576 (West Supp.1991), which authorizes the state to limit prison overcrowding by dispensing emergency time credits to certain classes of inmates, violated his constitutional rights. Specifically, he argued that the statute denied him equal protection of the laws since it arbitrarily and capriciously prohibited the awarding of credits to violent offenders, those classified as higher than "medium security", and repeat offenders like himself.

The district court for the Eastern District of Oklahoma, Seay, J., did not reach the merits of this argument; rather, it dismissed Goodwin's petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254. Goodwin appeals the dismissal, arguing that it would have been futile for him to pursue state remedies in light of the adverse ruling by the Oklahoma Court of Criminal Appeals in *Kinnard v. State of Oklahoma*, No. H–89–768 (Okla.Crim.App. Aug. 22, 1989) (order denying petition for state habeas corpus). We agree with Goodwin that exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile. We therefore conclude that the district court erred in dismissing the petition, and we remand for further proceedings.[1]

According to 28 U.S.C. § 2254(b), a federal court may not entertain a petition for writ of habeas corpus unless "it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." In interpreting this provision, many circuits have come to recognize that "a petitioner may be excused from exhausting state remedies if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner...." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir.1981). For example, in *Robinson v. Berman*, 594 F.2d 1, 3 (1st Cir.1979), the First Circuit recognized a limited exception to the exhaustion requirement when the question raised by petitioner—the constitutional vagueness of a statutory provision—had recently been decided by the highest state court. Similarly, the Eighth Circuit held that a habeas petitioner was not required to exhaust state remedies where the Missouri Supreme Court rejected the same issue of law raised by another state prisoner. *Hawkins v. Higgins*, 898 F.2d 1365 (8th Cir.1990). According to that court,

> [t]he petitioner in *Harness [v. Missouri State Board of Probation and Parole*, 749 S.W.2d 7 (Mo.App.1988) ] [the previous case] raised the same issue of law as does Hawkins. The Missouri courts held against that petitioner. The underlying facts are nearly identical. Any state challenge would be futile and a waste of judicial resources.

*Id.* at 1367.[2]

Like the circuits above, the Tenth Circuit has also acknowledged an exception to the exhaustion doctrine. Specifically, we refer to the case of *Alverez v. Turner*, 422 F.2d 214, 216 n. 3 (10th Cir.), *cert. denied*, 399 U.S. 916, 90 S.Ct. 2221, 26 L.Ed.2d 574 (1970), in which the court allowed petitioners to bypass state judicial remedies and

---

1. We grant petitioner's request for a certificate of probable cause and in forma pauperis status.

2. *See also Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir.1990) (exhaustion not required where Indiana Supreme Court had made it "exceedingly clear that there was no constitutionally protected due process right to judicial review of the evidence presented to prison disciplinary boards"); *Piercy v. Black*, 801 F.2d 1075, 1077–78 (8th Cir.1986) (recourse to Nebraska courts not required where, under almost identical facts, Nebraska Supreme Court rejected the claims of a similarly situated individual); *Bron-*

*son v. Swinney*, 648 F.Supp. 1094, 1101–02 (D.Nev.1986) (petitioner excused from exhausting state remedies where state's Supreme Court had recently addressed issue against petitioner's position), *rev'd sub nom. on other grounds, Bronson v. McKay*, 870 F.2d 1514 (9th Cir.1989); *Mattern v. Sumner*, 637 F.Supp. 527, 527–28 (D.Nev.1986) (habeas petitioner excused from exhaustion requirement since Nevada Supreme Court had decided issues against petitioner's position in another case presenting identical issues). *See generally* L. Yackle, *Postconviction Remedies*, § 66 at 279–281 (1981 & Supp.1990).

file habeas petitions directly in federal court. In that case, a number of prisoners had challenged the state's failure to provide counsel during parole revocation hearings. One of those prisoners took the issue through the state courts and received an adverse ruling from the Utah Supreme Court. Later, other prisoners filed petitions for habeas corpus relief directly in federal court without first exhausting state remedies. We held that because the issue decided in the earlier state action was identical to the one presented in the federal habeas actions, state relief was effectively foreclosed and hence no further exhaustion of state remedies was necessary.

We believe that the facts in *Alverez* are similar to those at issue here. Goodwin's habeas claim is based on the very constitutional arguments that were rejected by the Oklahoma Court of Criminal Appeals in *Kinnard*. In that case, the Oklahoma Court of Criminal Appeals—the highest criminal court in the state—affirmed the state district court's conclusion that "the exclusion of inmates who are classified above medium security or who are violent or repeat offenders is patently reasonable ... and is incapable of being viewed as capriciously arbitrary." *Kinnard v. State of Oklahoma*, No. C–89–1184 (Okla.Dist.Ct. Aug. 4, 1989) (order denying petitions for habeas corpus and prohibition). Because petitioner's claims here are identical to those raised in *Kinnard*—in fact, Goodwin's petition follows Kinnard's petition almost word for word—and because there has been no "intervening United States Supreme Court decision on point or any other indication that the state court intends to depart from its prior decision," *Sweet*, 640 F.2d at 236, we conclude that Goodwin was effectively foreclosed from relief in the state court. We therefore hold that it was unnecessary for Goodwin to exhaust state remedies.

Of course, this opinion in no way undermines the exhaustion doctrine as it applies to habeas corpus review. We recognize the important interests served by the exhaustion doctrine and merely hold that exhaustion of state remedies is not necessary where, as here, the state's highest court has explicitly and recently addressed the precise issue advanced by the petitioner. Were petitioner's claims factually or otherwise distinguishable in any meaningful way from those in *Kinnard*, exhaustion of state remedies certainly would be a prerequisite for federal habeas review. However, since Goodwin and Kinnard were similarly situated and raised the same legal claim, we find that exhaustion of state remedies would serve no real purpose. To hold otherwise would "only create an unnecessary impediment to the prompt determination of individuals' rights." *Sweet*, 640 F.2d at 236.

REVERSED and REMANDED for further proceedings consistent with this opinion.