961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order
 Jean L'AQUARIUS, Petitioner-Appellant,
v.
Steve HARGETT and Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 91-6351.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Jean L'Aquarius is currently serving a sixty-year sentence in the Oklahoma state penitentiary for the distribution of marijuana by a felon. In October of 1990, Mr. L'Aquarius filed this habeas petition in federal district court, alleging Oklahoma did not have personal jurisdiction over him, and Oklahoma law prohibiting the distribution of marijuana violates his rights under the First Amendment. Additionally, he alleged his "conditions of confinement" violate his constitutional rights.
 
 
 3
 The State of Oklahoma moved to dismiss for failure to exhaust state remedies. The district court found the record insufficient to determine the exhaustion issue and ordered the Oklahoma Attorney General to expand the record on that issue.
 
 
 4
 With respect to Mr. L'Aquarius' third claim for relief challenging the conditions of his confinement, the district court found the claim was improperly before the court because it did not pertain to the fact or length of his confinement. Further, the court found the contention frivolous because Mr. L'Aquarius failed to offer any supporting facts.
 
 
 5
 After the record was supplemented by the Oklahoma Attorney General, the district court dismissed the first two allegations in Mr. L'Aquarius' petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254. Additionally, the court rejected Mr. L'Aquarius' attempts to challenge disciplinary actions taken by the Department of Corrections in 1988 and 1989 on the grounds his broad allegation concerning the conditions of his confinement was insufficient to put the State on notice of this new claim.
 
 
 6
 Although admitting he did not pursue either a direct appeal or post-conviction relief available to him under Okla.Stat. tit. 22, § 1080 (1981), on appeal Mr. L'Aquarius argues it would have been futile for him to pursue state remedies in light of previous adverse rulings by the Oklahoma Court of Criminal Appeals and the Oklahoma Supreme Court in several cases involving Mr. L'Aquarius and the Oklahoma marijuana laws. We agree with Mr. L'Aquarius that pursuit of state remedies on his first two claims would have been futile in this case. However, we agree with the trial court that Mr. L'Aquarius' claim challenging his conditions of confinement is not properly before us.
 
 
 7
 According to 28 U.S.C. § 2254(b), a federal court may not entertain a petition for writ of habeas corpus unless "it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." However, the exhaustion requirement is a matter of comity, not of jurisdiction. Picard v. Connor, 404 U.S. 270, 275 (1971). Its purpose is to afford the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation. Wilwording v. Swenson, 404 U.S. 249, 250 (1971).
 
 
 8
 The forbearance of the federal courts is based upon the assumption the state remedies available to petitioners are adequate and effective to vindicate federal constitutional rights. Harris v. Champion, 938 F.2d 1062, 1066 (10th Cir.1991) (citing Shelton v. Heard, 696 F.2d 1127, 1128 (5th Cir.1983)). When those state procedures become ineffective or inadequate, the foundation of the exhaustion requirement is undercut and the federal courts may take action. Id.
 
 
 9
 Thus, exhaustion of state remedies is not required when "the same evidence and issues already decided by direct review" in the state courts are presented in the petition for federal habeas corpus. Brown v. Allen, 344 U.S. 443, 447 (1953); accord Picard, 404 U.S. at 275-76. Where the highest state court has addressed itself to the issues raised, and there are no intervening Supreme Court decisions on point, nor any indication that the state court intends to depart from its former decisions, the exhaustion doctrine does not require a petitioner to present his claims in state court. Goodwin v. State of Okla., 923 F.2d 156, 158 (10th Cir.1991); Sarzen v. Gaughan, 489 F.2d 1076, 1082 (1st Cir.1973).
 
 
 10
 We note this exception is limited to the situation in which the state's highest court has explicitly addressed the precise issue advanced by the petitioner. Goodwin, 923 F.2d at 158. If petitioner's claims are factually or otherwise distinguishable in any meaningful way from those decided earlier, exhaustion of state remedies certainly would be a prerequisite for federal habeas review. Id.; see, e.g., Jones v. Hess, 681 F.2d 688, 694 (10th Cir.1982).
 
 
 11
 Upon examination of the legal issues and facts presented in Mr. L'Aquarius' previous challenges to the marijuana laws of Oklahoma, we find that Oklahoma's highest criminal court did address both issues raised in Mr. L'Aquarius' first two claims in his habeas corpus petition. In Lewellyn v. State of Okla., 592 P.2d 538, 539 (Okla.Crim.App.1979), the court specifically rejected Mr. L'Aquarius' argument that as the head of the Holy American Church he was only answerable to an ecclesiastical court, and not to the state courts. Thus, Mr. L'Aquarius fairly presented to the Oklahoma courts the substance of his first federal claim. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Jones v. Hess, 681 F.2d at 693-94.
 
 
 12
 In Lewellyn v. State of Okla., 489 P.2d 511, 515 (Okla.Crim.App.1971), the court rejected Mr. L'Aquarius' contention that Oklahoma law prohibiting the possession and use of marijuana is inconsistent with the First Amendment guarantees of free exercise of religion. The court opined that the use of marijuana imposes a substantial risk to health and life, and that there was no possible justification for the use of same in the name of religious freedom. Id. at 516.
 
 
 13
 In Lewellyn, 592 P.2d at 539, Mr. L'Aquarius challenged his conviction for distribution of marijuana, arguing the marijuana laws of Oklahoma are unconstitutional because they do not provide for use of the drug as a religious sacrament. The court held the State of Oklahoma has a sufficiently compelling interest to prohibit distribution of a controlled dangerous substance to members of the public who do not receive the substance in anticipation of using it as part of the beliefs of an established religion.
 
 
 14
 Finally, in L'Aquarius v. Maynard, 634 P.2d 1310 (Okla.1981), the Supreme Court of Oklahoma relied on the rationale of Lewellyn, 592 P.2d at 538, in rejecting petitioner's assertion that refusal to permit the use of marijuana by an inmate for religious purposes violates the First Amendment. Thus, it appears the Oklahoma courts have been fairly presented the substance of Mr. L'Aquarius' second federal claim. See Anderson v. Harless, 459 U.S. at 6; Jones v. Hess, 681 F.2d at 693-94.
 
 
 15
 Additionally, the intervening Supreme Court decisions on point further support Oklahoma's previous positions, see, e.g., Employment Div., Dep't of Human Resources of Or. v. Smith, 494 U.S. 872 (1990) (sacramental use of peyote), rather than suggesting a departure therefrom. See, e.g., Sweet v. Cupp, 640 F.2d 233, 236-37 (9th Cir.1981) (intervening Supreme Court decision changed standard of review). Finally, there is no indication the State of Oklahoma intends to depart from its former decisions. See, e.g., Wahid v. State of Okla., 716 P.2d 678 (Okla.Crim.App.), cert. denied, 476 U.S. 1173 (1986) (marijuana conviction upheld citing Lewellyn, 592 P.2d 538).
 
 
 16
 For the foregoing reasons, we conclude Mr. L'Aquarius has effectively exhausted his state remedies. We therefore must decide the merits of his habeas petition.
 
 
 17
 Rather than remand the case, which would entail further delay, we have decided in the interests of judicial economy to reach the merits ourselves. See Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1310 (9th Cir.1990); Shaw v. FBI, 749 F.2d 58, 63 (D.C.Cir.1984); Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1173 (6th Cir.1983), cert. denied, 465 U.S. 1100 (1984); Otto v. Variable Annuity Life Ins. Co., 814 F.2d 1127, 1138 & n. 11 (7th Cir.1986), cert. denied, 486 U.S. 1026 (1988). Cf. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991) (The matter of what questions may be addressed for the first time on appeal is within our discretion and decided on a case by case basis.). We conclude the State of Oklahoma's marijuana laws are consistent with the Federal Constitution and are properly applied to Mr. L'Aquarius, see Employment Div. v. Smith, 494 U.S. 872; and the habeas claims asserted by Mr. L'Aquarius have no substance. Relief was properly denied by the district court, albeit for the wrong reason.
 
 
 18
 Mr. L'Aquarius' claim that his "conditions of confinement" violated his constitutional rights is equally without merit. This claim is not justiciable in habeas corpus because it does not pertain to the fact or length of petitioner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991). Since Mr. L'Aquarius only challenges the conditions of his confinement, his claim falls outside the purview of habeas corpus. Id.[1]
 
 
 19
 To the extent Mr. L'Aquarius has attempted to amend his habeas petition to challenge disciplinary actions taken by the Department of Corrections and resulting in Mr. L'Aquarius' loss of good time credits, Mr. L'Aquarius' failed to seek permission of the court as required by Fed.R.Civ.P. 15. See 28 U.S.C. § 2242. Therefore, these new claims are not properly before this court.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Citation by Mr. L'Aquarius of certain language in Preiser, 411 U.S. at 499-500, requires comments. Initially, we note the cited passage is dictum, and thus not binding on this court. But more importantly, we believe the essence of habeas corpus, as explained by the Supreme Court in Preiser, is a challenge to the very fact of confinement. A challenge to loss of good time credits falls within the core of habeas corpus because once a prisoner's conditional-release date has passed and the prisoner is still in confinement, his challenge is to the fact of confinement. The Court in Preiser left open the possibility that a petitioner could establish that the conditions of an otherwise constitutional confinement resulted in an unconstitutional confinement. We distinguish this from the case in which a petitioner is challenging the actual conditions as being unconstitutional. While this may be a fine line, we believe it to be a valid and useful one. Mr. L'Aquarius' simple challenge to his "conditions of confinement" on its face simply does not allege an action at the core of habeas corpus