9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric Uzzielites HOLMAN, Plaintiff-Appellant,
v.
David HASKELL, Warden; John H. Belson, Defendants-Appellees.
 No. 92-1809.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 Before: KENNEDY, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This former Michigan prisoner, Eric Uzzielites Holman, proceeding without benefit of counsel, appeals from the order of the district court denying Holman's Fed.R.Civ.P. 60(b) motion in this case filed pursuant to 42 U.S.C. Sec. 1983. The complaint alleged violations of his civil rights while he was a prisoner of the state of Michigan. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a declaratory judgment, monetary relief and an order placing him in a prison facility with the least restrictive custody level, plaintiff brought suit against the Warden of Michigan's Chippewa Correctional Facility and the Regional Administrator, Bureau of Field Services, for the Michigan Department of Corrections. Plaintiff alleged that he was constitutionally entitled to a transfer to a "community residential program" and that defendants violated his rights by not ordering the transfer. The case was submitted to a magistrate judge who issued a report and recommendation on January 11, 1991, in which he recommended that defendants be granted summary judgment based upon Eleventh Amendment immunity and failure to state a claim upon which relief can be granted. On February 11, 1991, the district court adopted the report and recommendation as the opinion of the court without objection from plaintiff.
 
 
 3
 Subsequently, plaintiff sought relief from the judgment pursuant to Fed.R.Civ.P. 60. An order denying plaintiff's motion was entered on the docket June 2, 1992. Plaintiff appeals from the district court's order denying his motion for relief from judgment.
 
 
 4
 An appeal from the denial of a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). Therefore, the only issue properly before this court on appeal is whether the district court abused its discretion in denying the motion for relief from judgment.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion. As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment. Miller v. Owsianowski (In re Salem Mortgage Co.), 791 F.2d 456, 459 (6th Cir.1986).
 
 
 6
 To justify relief from the February 11, 1991, district court order, plaintiff had to demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988). In support of his Rule 60(b) motion, plaintiff claimed that he did not receive notice of the magistrate judge's report and recommendation, nor was he served with notification that the district court had dismissed the case, because he was absent from the Chippewa Correctional Facility on a Writ of Habeas Corpus Ad Prosequendum. Fed.R.Civ.P. 5(b) provides that notice that may be served by mail, is "complete upon mailing," and is properly made to the party's "last known address." A review of the district court record indicates that notice was mailed to plaintiff at his last known address. If plaintiff's address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address. Plaintiff apparently did not comply with his affirmative duty. Because he failed to submit grounds upon which relief from judgment could be granted, the district court did not abuse its discretion in denying the Rule 60(b) motion.
 
 
 7
 Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.