**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN AYALA,

      Petitioner-Appellant,

v.

DEPT. OF CORRECTIONS and
COLORADO PAROLE DEPT.,

      Respondents-Appellees.

No. 99-1401
(District of Colorado)
(D.C. No. 99-Z-845)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Steven Ayala appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition, which the district court construed as a 28 U.S.C. § 2254 habeas petition, on the grounds that Ayala had failed to exhaust his state remedies. Ayala appeals, contending that the district court erred in treating his petition as if it were filed pursuant to § 2254. This court construes Ayala's appellate brief as a request for a certificate of appealability ("COA"), **denies** Ayala a COA on the grounds that he has failed make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c), and **dismisses** the appeal.

Ayala pleaded guilty to attempted second degree assault in Colorado state court in 1996. The state court sentenced Ayala to four years in the custody of the Colorado Department of Corrections. In addition, the judgment of conviction specifically provides that Ayala is sentenced to "any term of parole authorized by [Colo. Rev. Stat. § 17-22.5-303]." Rather than appealing his sentence in state court, Ayala filed the instant petition, nominally pursuant to § 2241, which, read liberally, asserted that the term of parole was not consistent with the terms of his plea agreement and, to the extent the term of parole was validly imposed, his plea was involuntary and unknowing because he had not been informed that he would be subject to mandatory parole.

The district court began its analysis of Ayala's petition by concluding that because Ayala was in state custody, his petition must have been asserted pursuant to § 2254. So construed, the district court concluded that Ayala's petition must be dismissed pursuant to 28 U.S.C. § 2254(b)(1), which precludes the granting of habeas corpus relief unless the petitioner has exhausted his state remedies. On appeal, Ayala does not contest that he has not exhausted his state remedies. Instead, he simply asserts that the district court erred in construing his petition as arising under § 2254. According to Ayala, his petition was properly filed pursuant to § 2241 because it challenges the execution of his sentence rather than its validity. Implicit in this argument is the assertion that exhaustion of state remedies is not required under § 2241.

Although this court is puzzled by the district court's seeming conclusion that Ayala's petition must *ipso facto* arise under § 2254 simply because Ayala is in state custody, we agree that Ayala's petition must be construed as a § 2254 petition. Section 2241 proceedings are used to attack the execution of a sentence, in contrast to § 2254 habeas proceedings, which are used to collaterally attack the validity of a conviction and sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). It is particularly clear in this case that the term of parole of which Ayala complains was set forth in his Judgment of Conviction and Sentence and that each of the challenges in his petition attack the

validity *ab initio* of that mandatory term, not the manner in which the parole board has chosen to execute such term.  The district court was entirely correct in dismissing Ayala's petition for failure to exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(1).  We further note that even if Ayala was correct in asserting that his petition was properly styled as a § 2241 petition, he is completely in error in assuming that exhaustion of state remedies is not a prerequisite to bringing a § 2241 petition.  *See Cooper v. Schear*, Nos. 98-1158, -1159, 1999 WL 14047, at *3 (10th Cir. Jan. 15, 1999) (unpublished disposition); *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at *2 (10th Cir. Dec. 14, 1998) (unpublished disposition).

The district court's construction of Ayala's petition as one requesting relief under § 2254 and dismissal of that petition without prejudice on the grounds that Ayala has not exhausted his state remedies is not deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason.  *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  Accordingly, Ayala is not made a substantial showing of the denial of a constitutional right and is thus not entitled to a COA.  *See* 28 U.S.C. § 2253(c).  This appeal is therefore **DISMISSED**.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge

-4-