**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERTO REYNA,

     Petitioner–Appellant,

v.

H. A. LEDEZMA, Warden,

     Respondent–Appellee.

No. 10-6242
(D.C. No. 5:10-CV-00458-W)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Roberto Reyna, a federal prisoner proceeding pro se,[1] appeals the dismissal of his 28 U.S.C. § 2241 habeas petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

    [1] Because Reyna precedes pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**I**

Reyna is incarcerated at the Federal Correctional Institution in El Reno, Oklahoma. In January 2010, he expressed interest in participating in the Bureau of Prisons ("BOP") Residential Drug and Alcohol Program ("RDAP"). The court that sentenced Reyna recommended he receive drug treatment while incarcerated. Under 18 U.S.C. § 3621(e), completion of RDAP renders a prisoner eligible for early release of up to one year.

Reyna was screened for RDAP eligibility pursuant to BOP Program Statement 5330.11 § 2.5.8. Only inmates who had "a verifiable substance use disorder" prior to arrest are eligible for the program. 28 C.F.R. § 550.53(b)(1). According to Reyna's Pre-sentence Investigation Report ("PSR"), Reyna stated that he: (1) "drank whiskey on occasion, but he is not addicted to alcoholic beverages"; (2) "smoked marijuana for two years"; and (3) used Ecstasy once in 2004. Based on Reyna's self-reported substance use, prison personnel determined he was ineligible for RDAP.

Reyna filed a request for an administrative remedy with the El Reno warden indicating that the information in his PSR was incorrect. Reyna's request for remedy was denied. He then filed an appeal with the regional office of the BOP, which was also denied. He did not pursue a national appeal with the BOP.

Before his regional appeal was denied, Reyna filed the present § 2241 petition. The district court dismissed Reyna's petition without prejudice due to his failure to

exhaust administrative remedies.  Reyna timely appealed.

## II

We review the dismissal of a § 2241 petition de novo.  Broomes v. Ashcroft, 358

F.3d 1251, 1255 (10th Cir. 2004) abrogated on other grounds by Padilla v. Kentucky, 130

S. Ct. 1473, 1481 n.9 (2010).  Exhaustion of administrative remedies is a prerequisite to

§ 2241 relief.  See  Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).  BOP

regulations require that a prisoner seek informal resolution of a complaint and, if that

fails, submit a formal administrative remedy request to the warden.  28 C.F.R. §§ 542.13-

14.  If an inmate is not satisfied by the warden's response, he may then file a regional

appeal, followed by a national appeal.  § 542.15(a).

Reyna has not exhausted his administrative remedies because he did not pursue an

appeal to the national office of the BOP.  See Jernigan v. Stuchell, 304 F.3d 1030, 1032

(10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it"

is barred from obtaining relief by the exhaustion doctrine.).  He argues, however, that

exhaustion should be excused on the grounds of futility because his appeal "would be

denied by the BOP by policy."

Exhaustion of administrative remedies is not required when an inmate can show it

would be futile.  Garza, 596 F.3d at 1203.  But the futility exception is quite narrow.  We

generally apply the exception when administrative relief is "effectively foreclosed."

Goodwin v. Oklahoma, 923 F.2d 156, 158 (10th Cir. 1991).  Contrary to Reyna's

"policy" characterization, the record shows that his regional appeal was denied based on

an individualized assessment of his history.  Reyna has failed to show that his request for an administrative remedy would be categorically denied by the national office of the BOP.  Accordingly, the futility exception does not apply.

### III

We **AFFRIM** the dismissal of Reyna's § 2241 petition.  We grant his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge
