## J. M. McGLASSEN v. STATE.

No. A-1506. Opinion Filed April 5, 1913.

(130 Pac. 1174.)

1. **MALICIOUS MISCHIEF—What Constitutes.** When personal property is defaced or destroyed, without malice, by, a person acting in good faith under the belief that it is his and that he has a legal right to do the act complained of, a charge of malicious mischief cannot be sustained.

2. **INDIANS—Lands Held in Common—Inclosure—Improvements—Removal.** (a) Prior to allotment, the lands of the Choctaws and Chickasaws were held in common, and, until legislation providing for allotment was passed, any member of such tribes had a right to inclose and occupy any unoccupied portion of the lands belonging to his tribe.

(b) A member of the Choctaw or Chickasaw Tribe, who was entitled to an allotment of the lands of said tribe, and who, after taking such allotment for himself and family, had improvements remaining on other lands, was entitled to remove the same or sell

such improvements to other members of said tribe who were entitled to take allotment, or remove them, at his option.

3. SAME — Crimes by Indians — What Constitutes — Evidence. A member of the Choctaw or Chickasaw Tribe, who at the time of allotment, had more lands inclosed than he and his family were entitled to take in allotment, and who removed fencing therefrom without knowing the same had been allotted, cannot be prosecuted for malicious mischief, under the statute.

(Syllabus by the Court.)

*Error from Carter County Court;*
*M. F. Winfrey, Judge.*

J. M. McGlassen was convicted of malicious mischief, and brings error. Reversed and remanded.

*Sigler & Howard,* for plaintiff in error.
*Chas. West,* Atty. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, J. M. McGlassen, was convicted at the October, 1911, term of the county court of Carter county on a charge of malicious mischief.

The facts in this case show that McGlassen and his family were entitled to allotments of the lands of the Choctaws and Chickasaws. That prior to allotment he had fenced certain lands. That, without his knowledge, the prosecuting witness, William Toby, was allotted a portion of the lands which had been fenced by the accused. That subsequent to the allotment of the land by Toby, and when the accused was still without information that the same had been allotted, he removed certain wire fences and posts from the premises, whereupon an information was filed against him at the instance of Toby, and this conviction resulted.

A number of errors are assigned by counsel for the accused, among others error of the court in refusing the following instruction:

"You are further instructed that if you believe, or have a reasonable doubt thereof, that the defendant, at the time he removed the fence, acted in good faith, believing he was the owner thereof and had a right to so remove same, you are instructed that you should acquit the defendant."

This instruction should have been given. This court said in the case of *Colbert v. State,* 7 Okla. Cr. 401, 124 Pac. 78:

"* * * An act will not constitute malicious mischief where it is done in good faith and under a reasonable claim of right. * * * In prosecutions for malicious mischief, malice toward the owner of the property injured is the gravamen of the offense, without which it would be a mere trespass. * * * The intent with which an act is done is material; and if it be shown that the defendant acted in good faith under a reasonable claim of right, the charge of malicious mischief cannot be sustained. * * * *"

The doctrine upon which this case must stand or fall was thoroughly elucidated in the Colbert case, *supra,* and a complete discussion of the principles involved herein will there be found. The opinion in the Colbert case was handed down by this court subsequent to the trial of the case at bar. Prior to the Colbert decision, there had been no discussion of the statutes under which this prosecution was brought by this court, and this probably accounts for the fact that this case is before us with the record in the condition in which it is.

The proof in this case indicates clearly that the fence and posts removed by the accused were the fruits of his honest labor, and that the prosecuting witness had never invested a single cent therein. That the accused believed he had a right to remove the fence and posts; and we are unable to see how any other reasonable man could hold a contrary view. The most the prosecuting witness would be entitled to, under the law, would be to maintain a civil action for the value of the fencing, and we think that is doubtful. He certainly would not be entitled to invoke the power of the state to prosecute the accused criminally. In equity and good conscience, he is not entitled to anything, and ought to be required to pay the cost of this prosecution.

The judgment is reversed, and the cause remanded, with direction to dismiss.

DOYLE and FURMAN, JJ., concur.