**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN CRAIG BURNETT,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 97-5156
(D.C. No. 96-CV-334-H)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

In this habeas petition under 28 U.S.C. § 2254 (1994), attacking the

petitioner's Oklahoma conviction for malicious injury to property, we conclude

that the petitioner's claim involving the effectiveness of his court-appointed

counsel is not barred by the exhaustion doctrine because it would be futile to

require him to submit this claim in the Oklahoma state courts. Therefore, we

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

must remand this case to the district court for further consideration.

## I.

Stephen Craig Burnett filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1994) on February 13, 1996.[1]  Burnett sought to challenge the constitutionality of his incarceration following his conviction in Tulsa County, Oklahoma, for maliciously spray-painting the walls and mirrors of the home where Burnett's then-wife, Elizabeth Ann Burnett, lived.  (See R., Tab A, "Petition for a Writ of Habeas Corpus.")  Burnett was charged with this crime in a criminal information alleging that this vandalism was committed against property that was "not the property of said defendant."[2]  (See R., Tab E,

---

[1]The office of the Attorney General of the state of Oklahoma, counsel for the appellee, initially declined to file a brief in this appeal on the grounds that no such brief was required under the new provisions of 28 U.S.C.A. § 2254 (West 1997 Supp.) until Burnett was issued a "certificate of appealability."  However, in an order filed December 13, 1997, we noted that Burnett had filed his federal habeas petition before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA).  As a result, under our decision in United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997) (footnote circulated en banc), Burnett's habeas petition is not controlled by the "new" provisions of the habeas statute, and he was not required to apply for a certificate of appealability.  In the same order, we issued a certificate of probable cause under the standards of the "old" section 2254.

[2]The statute under which Burnett was prosecuted provides in relevant part,
   A.  Every person who maliciously injures, defaces or destroys any real or personal property not his own . . . is guilty of:

(continued...)

"Information.")  This criminal information made no reference to the fact that under the general warranty deed for this property, Burnett and his wife owned their home as joint tenants with the right of survivorship.  (See R., Tab D, "General Warranty Deed.")  Nevertheless, Burnett pleaded guilty to the charge in the criminal information after affirmatively telling the court that there was no legal cause for why he should not be found guilty.  (See R., Tab G, "Judgment & Sentence on Plea of Guilty - Felony.")  Tulsa County District Judge Clifford E. Hopper then sentenced Burnett to five years in prison.[3]  (See id.)

---

[2](...continued)

. . .
2. a felony, if the damage, defacement or
destruction causes a loss which is valued at . . .
$2,500 or more.

Okla. Stat. Ann. tit. 21, § 1760 (West 1998 Supp.) (emphasis added).  This statute has been construed by Oklahoma's courts as inapplicable to a case where a person has defaced or destroyed property belonging to himself.  See McGlassen v. Oklahoma, 130 P. 1174 (Okla. Crim. App. 1913).  We have been unable to locate any case construing this statute in the context of property that is owned in a joint tenancy between a husband and wife, where one of the spouses has caused the damage.

[3]The sentence in this case, CF-93-2277, was ordered to run consecutively with Burnett's life sentence in a separate case, CF-93-3131.  (See R., Tabs G & I.)  In that separate case, Burnett had pleaded guilty to murdering his wife some three months after the malicious injury to property charged in CF-93-2277.  (See R., Tab A, at 5-A.)

Burnett's habeas petition in this case focuses solely on his conviction for malicious injury to property in Case CF-93-2277.  (See id.)  Burnett has specifically disclaimed any claim for relief in this habeas petition for any constitutional infirmities in his murder conviction in Case CF-93-3131, noting that he reserves the right to file a federal habeas challenge to that conviction at a

(continued...)

- 3 -

Following his conviction, Burnett did not file a direct appeal, nor did he file a motion seeking to withdraw his guilty plea. (See R., Tab B, "Application for Post-Conviction Relief," at 2.) Instead, on July 27, 1995, almost fifteen months after his conviction, Burnett filed an application for post-conviction relief under Okla. Stat. Ann. tit. 22, § 1080 (West 1986). (See id. at 1.) In this application, Burnett alleged that he was factually innocent of the charge for which he was convicted because he was a joint owner of the property that was damaged. (See id. at 4.) In a separate allegation under the heading "Entry of Plea," Burnett also claimed that he was not informed by his appointed counsel from the Tulsa County Public Defender's office that his offense of conviction required the state to prove that the property at issue was not owned by him. (See id.) Burnett said, "Had counsel properly informed petitioner of the principles of 21 O.S. 1760 (A)(2) or had counsel informed the sentencing court that petitioner was the owner/co-owner of the property, the entry of the plea would have been prohibited by the sentencing Judge." (Id.)

Burnett's application for post-conviction relief was handled in the first

---

[3](...continued)
later time. (See id.)
Although the record does not specifically indicate so, we presume that Burnett currently is serving his five-year sentence for the malicious-injury-to-property conviction. At no point in these proceedings has the appellee suggested that Burnett is not in custody on the particular conviction he is challenging here. (See R., Tab I, at 1.)

instance by the state district judge who sentenced him, Judge Hopper. (See R., Tab I, "Order Denying Application for Post-Conviction Relief.") In a two-page order, the court did not address Burnett's claims regarding the legal scope of Oklahoma's malicious injury to property statute. (See id. at 1.) Instead, the court held that Burnett had failed to show that his guilty plea was not voluntarily and knowingly made. (See id. at 2.) The court also ruled, apparently as an alternative ground of decision, that Burnett's failure to file a direct appeal waived all of the issues that he raised in his application because all of these issues could have been raised on direct appeal. (See id. at 3.)

Burnett appealed the Tulsa County decision to the Oklahoma Court of Criminal Appeals, asserting that because he was a joint owner of the property that was damaged, there could have been no crime under Okla. Stat. Ann., tit 21, § 1760, and as a result, the state court lacked jurisdiction to try the criminal charges. (See R., Tab K, "Brief in Support of Petition in Error," at 3.) Burnett also asserted that the trial court had failed to determine the factual basis for his guilty plea, and this failure was a "fundamental error." (See id. at 4.) In the course of making this argument, Burnett reiterated the claim he had made in his Tulsa County application that the entry of his guilty plea had been tainted by the improper conduct of his counsel. (See id. at 5.) Burnett contended, "Petitioner was not informed by counsel or the sentencing court that ownership or co-

ownership of the property would prohibit prosecution. . . . Petitioner pled without being properly and accurately informed of the appropriate legal principles, and after misleading and inaccurate information was presented to the Magistrate." (Id.)

Following the state's response to his brief, Burnett filed a motion with the Oklahoma Court of Criminal Appeals for permission to file a supplemental brief. (See R., Tab M, "Motion to File Supplemental Brief & Memorandum of Law in Support.") This motion reiterated his contention that his counsel was aware at the time of his guilty plea that he was the joint owner of the property that had been damaged. (See id. at 1.) Burnett also argued in this motion that certain other cases supported his application for post-conviction relief, citing United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995) (en banc), and Schlup v. Delo, 513 U.S. 298 (1995). The Galloway decision involved this circuit's en banc ruling that claims of ineffective assistance of counsel in federal habeas petitions under 28 U.S.C. § 2255 (1994) nearly always should be brought in collateral proceedings, and that there should be no procedural bar against raising a claim of ineffective assistance of counsel based on facts that might have been known at the time of a direct appeal. See Galloway, 56 F.3d at 1240-41. The Schlup decision involved the Supreme Court's ruling on the proper standard for considering a claim of actual innocence in a procedurally barred habeas petition when the claim of actual

- 6 -

innocence is linked to a claim of ineffective assistance of counsel.  See Schlup, 513 U.S. at 323-27.

Without addressing Burnett's references to ineffective assistance of counsel and actual innocence, the Oklahoma Court of Criminal Appeals relied on the alternative grounds of decision presented by the Tulsa County court and held that Burnett had waived all of the claims raised in his application for post-conviction relief because he had failed to take a direct appeal.  (See R., Tab L, "Order Affirming Denial of Post-Conviction Relief," at 1-2.) Two months after this last decision by Oklahoma courts on Burnett's state application, he filed his federal petition for a writ of habeas corpus.[4]  (See R., Tab A.)

In this petition, Burnett for the first time discussed his "extremely confused mental state of mind" at the time of his arrest and conviction.  (See id. at 5-A.) Burnett said that he had been prescribed large doses of an anti-depressant medication, and he was taking this drug at the time he entered his plea on the malicious injury to property charge.  (See id.)  Burnett then recounted the advice he received from his court-appointed public defenders, contending that these

---

[4]Burnett initially filed his federal habeas petition in the Western District of Oklahoma, because that is the district encompassing the prison where Burnett has been incarcerated.  (See R., Doc. #1, "Report & Recommendation," at 2.) However, the case was transferred without objection to the Northern District of Oklahoma, the district encompassing Tulsa County, where Burnett had been convicted.  (See id.)

lawyers counseled him to lie about the ownership of his home and about whether he was under the influence of drugs at the time of his plea. (See id. at 5-B.) In the final page of his summary of his claims, Burnett raised his claim of "actual innocence" based on his joint ownership of the property that was damaged. (See id. at 5-C.) Burnett also asserted, "My counsel was ineffective in that they encouraged me to plead guilty to something that was not even a crime and 'coached me' in how to present this to the judge at the plea bargain proceeding on April 26, 1994." (Id.) Finally, Burnett also said he "would like to incorporate all of my legal arguments made prior to this time in this petition." (Id.)

The district court applied the rule of liberal construction to Burnett's federal habeas petition, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and concluded that his petition raised two claims: ineffective assistance of counsel and an involuntary plea arising from the influence of anti-depressant medication. (See R., Doc. #9, "Order," at 2.) The district court held that neither of these claims had been "fairly presented" in Burnett's prior state proceedings, and as a result, Burnett had failed to fulfill the exhaustion requirement of 28 U.S.C. § 2254. (See id. at 3.) Relying on the Seventh Circuit's standard for whether a habeas petitioner's claims have been "fairly presented" in state proceedings, see Momient-El v. DeTella, 118 F.3d 535 (7th Cir.), cert. denied, 118 S. Ct. 448 (1997), the district court concluded that Burnett had failed to meet the exhaustion

requirement of section 2254.  The court found that Burnett had failed to meet the Seventh Circuit's standard because "[p]etitioner did not rely on pertinent federal cases to argue ineffective assistance of counsel, did not rely on state cases applying constitutional analysis to a similar factual situation, failed to assert the claim in terms so particular as to call to mind a specific constitutional right, and failed to allege a pattern of facts that is well within the mainstream of constitutional litigation."  (R., Doc. #9, "Order," at 4.)

On appeal now, Burnett specifically disclaims any intent to raise a claim in his federal habeas petition involving the voluntariness of his plea stemming from the medication he had been taking.  (See Aplt. Opening Br., at 7.)  In his brief, Burnett explains that his federal habeas petition was intended to be focused on the "central problem . . . caused by the ineffective assistance of Appellant's two public defenders who encouraged him to lie in court and coached him as to what to say.  Appellant was only trying to further explain this to the Federal District Court when he listed as one example of a lie he was told to tell regarding his taking of medication (doxepin) while in Tulsa County Jail."  (Id.)  Burnett also contends that any failure to exhaust his claim of ineffective assistance of counsel should be excused because of the futility of requiring him to pursue the issue in Oklahoma state court.  (See id. at 10.)

II.

As a preliminary matter, we reiterate that Burnett's federal habeas petition is controlled by the standards under the "old" habeas statute prior to the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) because his petition was filed before the effective date of that statute. See Demarest v. Price, 130 F.3d 922, 931-32 (10th Cir. 1997). Nevertheless, even under the "old" habeas provisions, a state prisoner bringing a federal habeas petition has the burden of showing that he has exhausted his state court remedies. See Picard v. Connor, 404 U.S. 270, 275 (1971). This requirement, codified in the habeas statute at 28 U.S.C. § 2254(b), "reflects a policy of federal-state comity, . . . 'an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard, 404 U.S. at 275 (quoting Wilwording v. Swenson, 404 U.S. 249, 250 (1971)) (other citations omitted).

The Supreme Court has explained that a state prisoner can fulfill the exhaustion requirement by demonstrating that he has "provide[d] the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. . . . It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made. . . . In addition, the habeas petitioner must have

- 10 -

'fairly presented' to the state courts the 'substance' of his federal habeas claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). This "fair presentation" requirement, however, does not go so far as to require a habeas petitioner to recite certain magic words to invoke a particular claim: "[W]e do not imply that respondent could have raised [his claim] only by citing 'book and verse on the federal constitution.' . . . We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts." Picard, 404 U.S. at 278 (quoting Daugherty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)); see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989) ("[A] failure to invoke talismanic language (cite 'book and verse' of the constitution) should not be the basis for a finding of nonexhaustion."). We have applied this rule of "fair presentation" in any number of habeas cases in which we have held that the crucial inquiry is whether the "substance" of the petitioner's claim was presented to the state courts.[5] See, e.g., Demarest, 130 F.3d at 932; Nichols, 867 F.2d at 1252; Jones v. Hess, 681 F.2d 688, 693 (10th Cir. 1982).

_____

[5]We need not address the district court's reliance on the Seventh Circuit's standard for "fair presentation." See Momient-El v. DeTella, 118 F.3d 535, 538-39 (7th Cir.), cert. denied, 118 S. Ct. 448 (1997). Relying on the Tenth Circuit's own precedents, we reach the same conclusion as the district court, i.e., that Burnett did not fairly present his claim of ineffective assistance of counsel to the Oklahoma state courts.

## A.

Applying the <u>Picard</u> rule for "fair presentation" to Burnett's claim of ineffective assistance, we conclude that Burnett failed to give the Oklahoma courts a fair opportunity to pass on the legal issues that would control the claim he now raises with us. Burnett's factual allegation of attorney misconduct by his court-appointed counsel remained constant throughout Burnett's pro se post-conviction pleadings in the state courts. (<u>Compare</u> R., Tab B, at 4 <u>with</u> R., Tab K, at 5. <u>See also</u> R. Tab A, at 5-C.) Construing these factual allegations liberally, they normally would have suggested to a reviewing court that Burnett's claim included an allegation of inappropriate and ineffective conduct by his court-appointed lawyers. However, Burnett couched his factual allegations in legal claims relating to the trial court's jurisdiction and the voluntariness of his plea. (<u>See</u> R., Tab B, at 4; R., Tab K, at 5.) It was only when he filed his Motion to File Supplemental Brief that Burnett came close to putting the Oklahoma Court of Criminal Appeals on notice that his post-conviction case involved potential issues of ineffective assistance of counsel. (<u>See</u> R., Tab M, at 1 (citing <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), and <u>United States v. Galloway</u>, 56 F.3d 1239 (10th Cir. 1995) (en banc)).) However, the Court of Criminal Appeals denied this motion, and we cannot construe Burnett's stray citations in a motion that was denied as sufficient to meet the <u>Picard</u> standard.

Burnett's claim of ineffective assistance of counsel falls well below the level of "fair presentation" that we found sufficient in <u>Nichols</u>. See <u>Nichols</u>, 867 F.2d at 1252-53. In <u>Nichols</u>, this court found that a habeas petitioner had presented the "substance" of his due process claim of prosecutorial misconduct when the petitioner had cited the Fifth Amendment's due process clause in his docketing statement before the New Mexico Court of Appeals. <u>Id.</u> at 1253. Although the habeas petitioner nowhere else labeled his claim as one alleging a violation of due process, or ever correctly labeled his claim as one arising under the Fourteenth Amendment, the citation in the docketing statement was sufficient to put the New Mexico courts on notice that the petitioner wished the court to apply the legal standards for a due process claim. See <u>id.</u>

In Burnett's case, however, his stray citations to a pair of potentially relevant federal cases came at the very end of the state-court review process, in a motion that was denied. Although we do not require a habeas petitioner to recite the words "ineffective assistance of counsel" as some kind of talismanic incantation, <u>see</u> <u>Nichols</u>, 867 F.2d at 1252, we do require that a claim of ineffective assistance of counsel not be camouflaged within a welter of other claims.

As a result of our conclusion that Burnett did not adequately present his claim of ineffective assistance to the Oklahoma courts, we agree with the district

court's conclusion that Burnett failed to meet the exhaustion requirement of 28 U.S.C. § 2254. This conclusion, however, does not end our inquiry. Burnett has argued that an exhaustion requirement in his case would be futile. (See Aplt. Br. at 10.) If Burnett's claim of futility is correct, then the district court erred in dismissing Burnett's allegation of ineffective assistance of counsel.

The Tenth Circuit, along with many other courts, has recognized that the exhaustion requirements for a state prisoner's habeas petition may be waived when the petitioner demonstrates that requiring him to bring his federal constitutional claim in the state courts would be "futile." See Wallace v. Cody, 951 F.2d 1170, 1171 (10th Cir. 1991); Goodwin v. Oklahoma, 923 F.2d 156, 157 (10th Cir. 1991) (citing cases in the First, Seventh, Eighth, and Ninth circuits). The futility rule in Wallace and Goodwin was applied in contexts where the Oklahoma state courts had recently issued decisions in other cases that were directly on point with the constitutional claims raised by the habeas petitioners. See Wallace, 951 F.2d at 1170-71; Goodwin, 923 F.2d at 157-58. In that context, we concluded that it would be pointless to require the habeas petitioners to exhaust their state remedies when it was clear what result would obtain: "In such a case, resort to state judicial remedies would be futile." Goodwin, 923 F.2d at 157.

In addition to this rationale for waiving the exhaustion requirement -- i.e.,

when there is a recent, adverse state court decision disposing of the precise point raised by the petitioner -- the Supreme Court also has approved the application of the futility exception in situations where a procedural doctrine in the state courts would prevent a habeas petitioner from pursuing his unexhausted claim. See Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."); see also Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1990) (applying the futility rule in Harris to waive the exhaustion requirement of section 2254 because of a state procedural bar). As Justice O'Connor noted in her concurrence in Harris, one of the dangers in strictly applying the exhaustion requirement in cases where exhaustion would be futile is that a dismissal in such circumstances "would often result in a game of judicial ping-pong between the state and federal courts, as the state prisoner returned to state court only to have the state procedural bar invoked against him." Harris, 489 U.S. at 270 (O'Connor, J., concurring).

In Burnett's case, we have no doubt that Oklahoma's courts would refuse to consider his claim of ineffective assistance of counsel. A well-established line of cases in Oklahoma has made it clear that Oklahoma courts may not consider an allegation of ineffective assistance in a post-conviction collateral attack when the petitioner knew the facts supporting his allegation at the time of his direct appeal.

See Walker v. State, 933 P.2d 327, 332 (Okla. Crim. App.) ("[T]his Court may not review [petitioner's] claims of ineffective assistance of trial counsel if the facts generating those claims were available to [petitioner's] direct appeal attorney and thus either were or could have been used in his direct appeal."), cert. denied, 117 S. Ct. 2524 (1997); Berget v. State, 907 P.2d 1078, 1084-85 (Okla. Crim. App. 1995) (criticizing the Tenth Circuit's rule under United States v. Galloway, 56 F.3d 1239 (1995) (en banc), requiring ineffective assistance claims to be brought on collateral review rather than direct attack, and noting that in Oklahoma's courts, "[a]ppellants claiming ineffective assistance of counsel are still required to raise the ineffective assistance claim on direct appeal"). Under Oklahoma's procedural doctrines for post-conviction relief, the only claim of ineffective assistance that may be heard is a claim based on facts that were not discoverable at the time the petitioner might have brought a direct appeal. See Hooker v. State, 934 P.2d 352, 354-55 (Okla. Crim. App. 1997) (dismissing claims of ineffective assistance of counsel brought in a post-conviction collateral attack because the facts supporting the claims were known at the time of the petitioner's direct appeal).

Furthermore, Oklahoma's procedural rules for claims of ineffective assistance would clearly prevent Burnett from raising his particular claim in the Oklahoma courts now. The factual premise of Burnett's claim involves events that

were known to him at the time he could have brought a direct appeal, i.e., that his attorney encouraged him to lie and that his attorney was aware he was a joint owner of his wife's home. (See R., Tab A, at 5-B.) As a result, it would be futile to require Burnett to exhaust his ineffective assistance claim in the Oklahoma courts -- as the Oklahoma Court of Criminal Appeals already has noted in Burnett's first state post-conviction proceeding, "He has not raised any issues that he could not have raised in a motion to withdraw his guilty plea or in an appeal of his conviction. Therefore, the right to raise the issues has been waived." (R., Tab L, at 2.) Because exhaustion would be futile, we hold that Burnett's federal habeas claim of ineffective assistance of counsel is not barred by the exhaustion requirement of 28 U.S.C. § 2254(c).[6]

---

[6]Also, Burnett's federal habeas claim of ineffective assistance is not barred in federal court by the state procedural default arising from Burnett's failure to allege the ineffective assistance claim in a direct appeal. The Tenth Circuit has refused to impose a procedural bar in federal court against federal habeas claims of ineffective assistance under circumstances similar to those presented here, ruling that Oklahoma's judicial doctrine that refuses to consider ineffective counsel claims on collateral review is not an "adequate" state-law ground creating a procedural bar in a federal court. See Brecheen v. Reynolds, 41 F.3d 1343, 1362 (10th Cir. 1994). Thus, Burnett's failure to comply with Oklahoma's judicial doctrine requiring him to raise his claim of ineffective assistance in a direct appeal will not procedurally bar him from raising the claim in a proper federal habeas petition. See id.

B.

As for Burnett's habeas claim regarding his use of prescription medication prior to his guilty plea, it seems clear that the district court did not err in construing Burnett's allegations on this issue as raising a new claim for relief. However, in light of Burnett's vigorous efforts on appeal to disclaim any intent to raise a new habeas claim, we conclude that Burnett has waived this potential claim for relief. As a result, we need not address this issue.

III.

In summary, we hold that it would be futile to require Burnett to exhaust his claim of ineffective assistance of counsel, and thus, we REVERSE the judgment of the district court and REMAND this case for further review.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge