**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN C. BURNETT,

      Petitioner-Appellant,

v.

STEVE HARGETT and STEVEN
KAISER,

      Respondents-Appellees.

No. 00-5213
(D.C. No. 96-CV-334-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Stephen Burnett ("Burnett") appeals the district court's denial of his Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 . The district court determined that Burnett's claims, ineffective assistance of counsel and fundamental unfairness, were procedurally barred due to Burnett's failure to timely raise both issues in the Oklahoma state courts, and that

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Burnett could not demonstrate facts sufficient to get around the procedural bar. While we disagree somewhat with the district court's analysis and address one issue left untouched by the district court, we nevertheless AFFIRM the district court's dismissal of the claims as procedurally barred.

## BACKGROUND

A. Consolidated Habeas Petitions

Petitioner-Appellant Stephen Burnett ("Burnett") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 13, 1996, requesting habeas relief from his state conviction for malicious injury to property. This petition was assigned Case No. 96-CV-334-H. He also filed a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 21, 1997, challenging his state conviction for larceny of an automobile. This second petition was assigned Case No. 97-CV-374-K. Burnett had received a sentence of five years on the first charge and a sentence of fifteen years on the second, with both sentences to be served consecutively to the life sentence he received after pleading guilty to murdering his estranged wife. See Burnett v. Hargett, No. 96-CV-334-H, slip op. at 2 (N.D. Okla. Oct. 6, 2000) ("Burnett III") (Doc. 26). Because the two habeas actions arose from a single state court proceeding, the district court ordered them consolidated on March 13, 1998. (See Doc. 13.) The

two actions, consolidated into Case No. 96-CV-334-H, were ultimately dismissed on the same grounds by the district court; we thus refer to them collectively throughout this Order and Judgment as claims brought in "the Petition."

B. State Court Proceedings

Although Burnett pled guilty in state court to both charges, and did not file a direct appeal of his convictions, he did pursue state post-conviction relief as to both charges.[1]  See Burnett III, slip op. at 2.

In his state post-conviction proceeding related to the malicious injury to property charge, Burnett argued that the trial court did not establish the necessary factual basis for his guilty plea for malicious injury to property, and thus that the plea should never have been accepted by the court.  (See generally Doc. 5, Ex. A (Application for Post-Conviction Relief).)  Specifically, he argued that he was the joint owner of the damaged property and thus could not have been found guilty for damaging the property "of another."  (See id. at 3-4.)  He also argued in a roundabout manner that his guilty plea was tainted by the ineffective assistance of his attorney, who did not tell him that "ownership or co-ownership of the property would prohibit prosecution."  (See Doc. 5, Ex. C, at 5 (Brief in Support of

---

[1]  Burnett did not pursue state post-conviction relief for the life sentence he received for murdering his wife, nor does he challenge that conviction or sentence in the instant Petition.

Petition in Error).) The only other references to his attorney's performance were: (1) a statement that he "was not informed by counsel or the sentencing court that ownership or co-ownership of the property would prohibit prosecution;" and (2) an assertion that he "pled [guilty] without being properly and accurately informed of the appropriate legal principles, and after misleading and inaccurate information was presented to the Magistrate." (See id.) All of these statements were contained in a section of Burnett's brief entitled: "The Trial Court Erred When it Failed to Ascertain that There was a Factual Basis for the Plea of Guilty, in Violation of the Oklahoma and United States Constitution[s]."

The state court denied his application for post-conviction relief on the malicious injury to property charge because it found the claims procedurally barred (see Doc. 5, Ex. B, at 3), and that holding was affirmed on appeal.

Burnett also argued in a separate state post-conviction proceeding that his conviction on the second charge, larceny of an automobile, was fundamentally unfair because he owned the automobile in question. He did not specifically argue at that time that this conviction was tainted by ineffective assistance of counsel, however. Burnett's only references to his counsel's performance were again contained in a section of his brief entitled: "The Trial Court Erred When it Failed to Ascertain that There was a Factual Basis for the Plea of Guilty, in Violation of the Oklahoma and United States Constitution[s]." The entirety of

- 4 -

Burnett's argument regarding his attorney's performance consisted of the following two statements: (1) "Petitioner was not informed by counsel or the sentencing court that ownership or co-ownership of the property (automobile) would prohibit prosecution.  Had counsel properly informed Petitioner of [the elements of the larceny statute], or had counsel informed the sentencing court that Petitioner was the owner/co-owner of the automobile, the entry of the plea should have been prohibited by the sentencing judge;" and (2) "In the instant case, Petitioner pled without being properly and accurately informed of the appropriate legal principles, and after misleading and inaccurate information was presented to the Magistrate."  (See Petition in Error submitted to the Oklahoma Court of Criminal Appeals, at 5.)

The state court denied Burnett's application for state post-conviction relief on the larceny conviction on the ground that he had procedurally defaulted this claim of fundamental unfairness by failing to raise it on direct appeal.  (See Doc. 20 at 2 (June 24, 1999, Order).)  It did not address Burnett's veiled claims of counsel's ineffectiveness.

C.  Initial District Court Proceedings

In his federal Petition, Burnett for the first time argued that he had an "extremely confused mental state of mind" at the time of his arrest and conviction

- 5 -

on both charges due to his use of anti-depressant medication and alcohol. (See Doc. 1, Petition, at 5-A.) He also argued for the first time that, in regard to his malicious injury to property charge, his attorneys encouraged him to lie about the ownership of his house and about his mental state at the time of the plea hearing. (See id. at 5-B.) He further stated: "My counsel was ineffective in that they encouraged me to plead guilty to something that was not even a crime and 'coached me' in how to present this to the judge at the plea bargain proceeding." (See id. at 5-C.). Burnett raised similar issues regarding the larceny of an automobile charge, arguing that his attorney failed to present evidence that Burnett actually owned the vehicle that he allegedly stole, and thus that the proceeding resulting in his conviction on that charge was fundamentally unfair. (See Doc. 20 at 3-4, 8 (June 24, 1999, Order).)

On September 6, 1996, the State of Oklahoma filed a motion to dismiss Burnett's Petition relating to the malicious injury to property conviction, arguing that he had failed to exhaust his state remedies regarding the claims presented in the Petition.[2] (See Doc. 5.) The district court, after finding that the Petition raised two claims that had not been "fairly presented" to the state courts, i.e., ineffective assistance of counsel and an involuntary plea due to Burnett's use of

---

[2] This motion encompassed only the malicious injury to property habeas action, Case No. 96-CV-334-H, because it was filed before the two habeas actions were consolidated.

anti-depressant medication, granted the motion to dismiss for failure to exhaust

state remedies on July 31, 1997. See Burnett v. Hargett, No. 96-CV-334-H, slip

op. at 5 (N.D. Okla. July 31, 1997) ("Burnett I") (Doc. 9).

D.  First Tenth Circuit Appeal

Burnett appealed that decision to this court on August 11, 1997.  (See Doc.

10.)  In his appeal he specifically disclaimed any argument that his plea was

involuntary, and relied solely upon his claim of ineffective assistance of counsel.

See Burnett v. Hargett, No. 97-5156, 1998 WL 88153, at **9 (10th Cir. Feb. 26,

1998) (unpublished opinion) ("Burnett II").

On February 26, 1998, we issued an Order and Judgment in which we

agreed that Burnett had failed to exhaust his state remedies, but found that it

would be futile to require Burnett to return to the state courts because the state

courts would find the contested claims procedurally barred.  See generally Burnett

II.  We then stated:

> Also, Burnett's federal habeas claim of ineffective assistance
> is not barred in federal court by the state procedural default arising
> from Burnett's failure to allege the ineffective assistance claim in a
> direct appeal.  The Tenth Circuit has refused to impose a procedural
> bar in federal court against federal habeas claims or ineffective
> assistance under circumstances similar to those presented here, ruling
> that Oklahoma's judicial doctrine that refuses to consider ineffective
> counsel claims on collateral review is not an "adequate" state-law
> ground creating a procedural bar in federal court.  See Breechan v.
> Reynolds, 41 F.3d 1343, 1362 (10th Cir. 1994).  Thus, Burnett's

failure to comply with Oklahoma's judicial doctrine requiring him to raise his claim of ineffective assistance in direct appeal will not procedurally bar him from raising the claim in a proper federal habeas petition.

See Burnett II, at **7 n.6 (emphasis added).

### E. District Court on Remand

On remand, the district court addressed the question of whether the ineffective assistance of counsel claims raised in Burnett's Petition were procedurally barred due to Burnett's failure to raise them not only on direct appeal, which this court had stated in Burnett II would not bar the claims, but also in his state application for post-conviction relief, which this court had not addressed in Burnett II. The district court noted that, even though Burnett did not raise his ineffective assistance of counsel claims on direct appeal, the court "would not be precluded from considering this claim on the merits had [Burnett] raised the claim in his post-conviction action." (See Doc. 20 at 6 (June 24, 1999, Order).) Burnett, however, had also failed to raise the claim in his state post-conviction proceedings, "thereby defaulting his claim a second time." (See id.) The district court thus concluded:

> [W]ere Petitioner to return to state court to raise this claim in a second post-conviction application, the state courts would undoubtably rule that the claim had been waived as a result of Petitioner's procedural default. That finding would be based on an

"independent" and "adequate" state procedural rule and this Court must recognize the default in this case.

(Id.)

In response to Burnett's claim of fundamental unfairness regarding his conviction for larceny of an automobile, the district court stated that Burnett had procedurally defaulted that claim by failing to raise it on direct appeal, such that the claim was procedurally barred in a federal habeas proceeding.[3] (See id. at 8.)

The court then noted, however, that Burnett could overcome the procedural bar on his claims of ineffective assistance on the malicious injury to property charge and fundamental unfairness on the larceny of an automobile charge, if he could demonstrate cause and prejudice to explain his failure to present the claims to the state courts, or if he could demonstrate that a failure to review his claim would result in "a fundamental miscarriage of justice." (See id. at 6.) In order to demonstrate a fundamental miscarriage of justice, Burnett would have to make a colorable demonstration that he was actually innocent of the offenses of which he was convicted. (See id. at 7.) Because it appeared to the district court that Burnett was not arguing cause and prejudice, but was instead arguing actual innocence to get around the procedural bar, the district court ordered briefing

_____

[3] The district court did not address Burnett's allusions to his counsel's ineffectiveness contained in his state post-conviction petition, as well as his federal habeas petition, related to the larceny of an automobile charge.

from all parties on whether Burnett could make a colorable demonstration to that effect. (See id. at 7-8.)

After reviewing the briefs of both parties, the district court denied Burnett's Petition as procedurally barred on October 6, 2000. See Burnett III, slip op at 10. The district court found that Burnett could not make a colorable claim of factual innocence to get around the procedural bar which resulted from Burnett's failure to present his claims to the state courts.

In regard to his claim of actual innocence on the charge of malicious injury to property, the district court found that Burnett was charged with damaging both the jointly owned property (e.g., the house) of Burnett and his spouse, Betty Burnett, and the personal property (e.g., the clothing) of Betty Burnett. (See id. at 7.) In choosing to plead guilty to that charge, Burnett thus pled guilty to malicious injury to the personal property of Betty Burnett, in which Burnett himself had no legitimate ownership interest. (See id.) The district court therefore found that, regardless of Burnett's argument that he co-owned the house in which the crime occurred, Burnett had not made a colorable claim that he was factually innocent of that charge because he had not "presented evidence sufficient to establish that 'it is more likely than not that no reasonable juror would have convicted him.'" (Id. at 8.)

Regarding the conviction for larceny of an automobile, the district court noted that, while the automobile's title papers identified the owner as "Burnett, Stephen C or Elizabeth," Burnett had previously testified that when placing the body of his slain wife into the trunk of the vehicle (after he had shot her twice in the chest and head) he knew he was stealing the vehicle. Specifically, Burnett testified: "I did realize this was her car and not mine. I did not have permission to take it. I was in effect stealing the car." (See id. at 8-9.) Under Oklahoma law, the elements of larceny of an automobile are: (1) trespassory; (2) taking; (3) carrying away; (4) an automobile; (5) of another; (6) with intent to steal. (See id. at 9.) Because Oklahoma law defines the phrase "property of another" as "one who has lawful possession as against the rights of the taker, without regard to ownership," and because it was clear from Burnett's testimony that Betty Burnett enjoyed possession of the vehicle after the couple separated, the district court found that "a reasonable juror could find that Petitioner's proprietary interest in the car was relegated to the superior possessory interest of his wife, or of her estate." (Id.) Accordingly, the district court concluded that Burnett had not made a colorable claim of factual innocence sufficient to get around the procedural bar.

F. Additional Procedural Facts

Burnett filed a timely notice of appeal and application for a certificate of appealability ("COA"), as required by 28 U.S.C. § 2254. (See Doc. 28.) The district court denied a COA. (See Doc. 31.) The district court also denied Burnett's motion to proceed on appeal in forma pauperis. (See Doc. 31.) Appellant then filed with this court a motion to proceed in forma pauperis and a second application for COA.

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) a state prisoner appealing a district court's denial of habeas relief under § 2254 must obtain a COA before we may consider the merits of his claim.[4] See 28 U.S.C. §2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(3).

Because we found that Burnett had made the required "substantial showing of a denial of a constitutional right," we granted a COA in this case and ordered responsive briefing from the State of Oklahoma addressing the following three issues: (1) whether Burnett's claim of ineffective assistance of counsel on the

---

[4] The standards for granting a COA set forth in AEDPA apply to this case because Burnett initiated the instant appeal of the district court's dismissal of his Petition on October 18, 2000, after the effective date of AEPDA. See Slack v. McDaniel, 529 U.S. 473, 481 (2000).

malicious injury charge is procedurally barred <u>not</u> because he failed to raise it on direct appeal, a contention we rejected in <u>Burnett II</u>, but because he also failed to raise it in his state post-conviction proceedings; (2) whether Burnett had argued ineffective assistance of counsel on the larceny of an automobile charge either in his state post-conviction proceedings or in his federal habeas petition, and, if not, whether he was procedurally barred from presenting that argument to this court; and (3) whether, if we reach the merits of Burnett's ineffective assistance of counsel claims, he can prevail on those claims.  (See <u>Burnett v. Hargett</u>, No. 00-5213, slip op. at 2-3 (10th Cir. Feb. 27, 2001) (unpublished Order).)

In its brief in response to this court's Order, the State of Oklahoma addressed only the first two issues, stating in regard to the third issue: "Based on the foregoing arguments, the merits of Petitioner's claims of ineffective assistance of counsel are barred from review by this Court.  Accordingly, this Court's third question to Respondent regarding the merits of the claims need not be addressed."  (See Respondent's. Br. at 9.)

**DISCUSSION**

We have now carefully reviewed the submissions by both parties in this case, as well as the complicated procedural history of the myriad of state and

federal proceedings related to both of Burnett's convictions, and determine that Burnett is not entitled to habeas relief.

### A. Procedural Bar

#### 1. Fundamental Unfairness (Larceny of an Automobile)

We agree with the district court that Burnett's failure to raise on direct appeal a claim of fundamental unfairness in regard to his conviction for larceny of an automobile resulted in a procedural default of that claim. Accordingly, the federal courts are procedurally barred from adjudicating that claim on the merits unless Burnett can demonstrate cause and prejudice to get around the procedural bar, or that a fundamental miscarriage of justice will occur if the merits of the claim are not addressed. See English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998).

#### 2. Ineffective Assistance of Counsel (Malicious Injury to Property and Larceny of an Automobile)

This issue presents a much harder procedural bar question given the Oklahoma courts' treatment of ineffective assistance of counsel claims that are not raised for the first time on direct appeal. After a careful review of the record, we find that we are bound by our prior precedent to a conclusion that Burnett has procedurally defaulted both of his ineffective assistance of counsel claims and

- 14 -

that, absent a showing of cause and prejudice or fundamental miscarriage of justice, we are procedurally barred from adjudicating those claims on the merits.

a. <u>The issue was not fairly presented to the state courts</u>

As we previously stated in <u>Burnett II</u>, the language in Burnett's state post-conviction petition alluding to Burnett's counsel's ineffective assistance on the malicious injury to property conviction was not sufficient to fairly present that issue to the Oklahoma state courts. <u>See</u> <u>Burnett II</u>, at **5. We therefore held in that opinion that Burnett had failed to exhaust his state opportunities for arguing that his state conviction for malicious injury to property was tainted by the ineffective assistance of counsel. <u>See</u> <u>id.</u>, at **6. We nevertheless held that it would be futile to send Burnett back to the state courts to exhaust his ineffective assistance of counsel claim because the state courts would find the issue procedurally barred, based upon Burnett's failure to argue it on direct appeal, and thus that the district court was not barred by the exhaustion requirements of 28 U.S.C. § 2254(c) from reviewing that claim. <u>See</u> <u>id.</u>, at **7. Accordingly, we remanded the case to the district court to determine whether Burnett was entitled to relief on that basis. <u>See</u> <u>id.</u>

Our decision in <u>Burnett II</u> addressed only Burnett's challenge to his malicious injury to property conviction because Burnett appealed the district court's denial of his habeas clams prior to the consolidation of that petition, Case

- 15 -

No. 96-CV-334-H, with the second federal habeas petition dealing with his larceny of an automobile conviction, Case No. 97-CV-374-K. The first question, then, is whether Burnett's claims of ineffective assistance relating to the second charge, larceny of an automobile, were similarly not fairly presented to the state courts for review such that they would also be potentially procedurally barred from federal habeas review.[5]

The district court did not address Burnett's allusions to his counsel's ineffectiveness set forth in his state post-conviction petition on the larceny of an automobile conviction. We note, however, that the language contained in that petition and relating to Burnett's counsel's performance was identical to the language used in his state post-conviction petition on the malicious injury to property charge. As stated in <u>Burnett II</u>, such language was not sufficient to

_____

[5] We reject the state's argument, contained in its brief to this court (<u>see</u> Respondent's Br. at 21), that Burnett did not argue his counsel's ineffectiveness in the federal habeas petition relating to his larceny of an automobile conviction. Burnett stated in his petition related to the larceny conviction, "Petitioner was not informed by counsel or the sentencing court that ownership or co/ownership of the property (automobile) would prohibit prosecution. Had counsel properly informed petitioner of the principles of [21 Okla. Stat. § 1720 (the automobile larceny statute)], or had counsel informed the sentencing court that petitioner was the owner/co-owner of the automobile, the entry of the plea should have been prohibited by the sentencing judge." (<u>See</u> Petition for a Writ of Habeas Corpus, No. 97-CV-374-K, at 5-B.) Given the rules of liberal construction afforded to pro se filings, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), we think these statements were sufficient, albeit barely, to raise the issue of ineffective assistance of counsel.

fairly present the issue of Burnett's counsel's performance to the Oklahoma state courts in regard to the malicious injury to property charge. See Burnett II, at **5. We similarly find that the language is not sufficient to have fairly presented the issue to the Oklahoma courts in his petition challenging the larceny of an automobile conviction. We nevertheless maintain, as we did in Burnett II, at **7 & n.6, that Burnett's failure to fairly present these arguments on direct appeal does not preclude the federal courts from addressing these claims on non-exhaustion grounds because it would be futile to send Burnett back to state court to exhaust his state court remedies.

b. Effect of Burnett's failure to argue ineffective assistance of counsel in his applications for state post-conviction relief

The next question is whether Burnett's ineffective assistance of counsel claims related to his convictions for both malicious injury of property and larceny of an automobile are procedurally barred not because he failed to raise them on direct appeal, but because he also failed to raise them in his state post-conviction petitions related to those convictions.

We are inclined to think that Burnett never could have gotten his ineffective assistance of counsel claims reviewed by the Oklahoma state courts absent a direct appeal asserting those claims. Just as it would have been futile for Burnett to file a second state habeas petition after his claims were initially

- 17 -

dismissed by the federal district court for lack of exhaustion, it would have been

futile for him to raise the issues in his first state post-conviction petition because

the state courts would have refused to adjudicate that claim. We would thus also

be inclined to think the federal courts should not be barred from considering

Burnett's claims of ineffective assistance of counsel merely because he failed to

raise the claims in his state post-conviction petitions.[6]

---

[6] Under the language of 28 U.S.C. § 2254(b)(3)(c), a state petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Furthermore, 28 U.S.C. § 2254 states that a prisoner's federal habeas petition,

> shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

18 U.S.C. § 2254(b)(1)(A)-(B). Applying these standards for exhaustion, Burnett would appear to have exhausted his state court remedies despite his failure to raise the ineffective assistance of counsel claims in his state post-conviction petitions. Because Burnett did not file a direct appeal of his convictions, he did not have "the right under the laws of the State" to argue ineffective assistance in his application for state post-conviction relief. Further, even if Burnett had raised the ineffectiveness claim on collateral review, there would have been "an absence of State corrective process" because of the Oklahoma courts' refusal to entertain such claims under these circumstances, and forcing Burnett to nevertheless raise the issue just so the Oklahoma courts could reject it on procedural grounds would have proven "ineffective to protect his rights." We acknowledged these problems with the Oklahoma state courts' treatment of ineffectiveness claims when we found in Burnett II that it would be futile to send Burnett back to the state courts to argue ineffective assistance of counsel, and note the potential unfairness of

(continued...)

It appears, however, that this issue was resolved in a contrary manner by this court in <u>Moore v. Reynolds</u>, 153 F.3d 1086, 1097 (10th Cir. 1998), and <u>Medlock v. Ward</u>, 200 F.3d 1314, 1322-23 (10th Cir. 2000). In <u>Moore</u>, the Oklahoma habeas petitioner had neglected to argue ineffective assistance of trial counsel on direct appeal or in his first application for state post-conviction relief. <u>See</u> 153 F.3d at 1096. He then filed a second state post-conviction petition in which he argued that his trial counsel was ineffective, but the Oklahoma state court "summarily rejected these arguments, concluding they were barred on the grounds of res judicata" because they were not raised in the first petition. <u>Id.</u> The <u>Moore</u> court found that, because the Oklahoma court's refusal to adjudicate the petitioner's ineffectiveness claim was based upon his failure to raise it in his initial habeas petition, and not upon his failure to raise it on direct appeal, the Oklahoma courts were relying upon an "adequate and independent" state procedural rule when they dismissed the petition. <u>See id.</u> at 1097 (citing 22 Okla. Stat. § 1086 ("All grounds for relief available to a [habeas] applicant . . . must be raised in his original, supplemental or amended application. Any ground finally

---

[6](...continued)
forcing habeas petitioners, as a prerequisite to federal review, to      raise claims in their state post-conviction petitions when it is both obvious and pre-ordained that those claims will be dismissed summarily on procedural grounds that we have previously found to be inadequate.     <u>See</u> <u>Breechan v. Reynolds</u>  , 41 F.3d 1343, 1364 (10th Cir. 1994).

adjudicated or not so raised . . . may not be the basis for a subsequent application.")).  As such, the Moore court concluded that the petitioner's claims were procedurally barred from review by the federal courts.  Similarly, in Medlock, this court found an Oklahoma prisoner's habeas claim of ineffective assistance of counsel procedurally barred due to the petitioner's failure to present the issue either on direct appeal or in his application for state post-conviction relief, and concluded that the petitioner "did not raise his present ineffective assistance claim . . . in his application for state post-conviction relief, and therefore it is barred under Oklahoma law."  See 200 F.3d at 1323 (citing 22 Okla. Stat. § 1086, 1089(D)(2)).

Neither of these opinions identifies or discusses the troubling issue discussed above: That by requiring habeas petitioners to have raised claims in state post-conviction proceedings, even when those claims would inevitably have been dismissed as procedurally barred on a ground that we have previously held to be inadequate, we are forcing habeas petitioners to jump through needless procedural hoops.  See discussion supra p. 18 & n.6.  We are nevertheless bound by these decisions, absent en banc reversal by this court.  See Bates v. Dep't of Corr. of the State of Kan., 81 F.3d 1008, 1011 (10th Cir. 1996) ("[A] panel of this Court is bound by a holding of a prior panel of this Court.").  We are therefore forced to conclude that Burnett's failure to raise his ineffective assistance of

counsel claims in his applications for state post-conviction relief resulted in a procedural bar of those claims on an adequate and independent state procedural ground, such that we are procedurally barred from addressing those claims on their merits "unless [Burnett] can demonstrate cause and prejudice or a fundamental miscarriage of justice." See Medlock, 200 F.3d at 1323 (citing English, 146 F.3d at 1259).

B. Fundamental Miscarriage of Justice

As a means to get around the procedural bar resulting from his failure to timely raise his fundamental unfairness and ineffective assistance of counsel claims in the state courts, Burnett argues that he was factually innocent of the charges for which he was convicted. Specifically, Burnett argues that, because he was the co-owner of both the vandalized home and the stolen vehicle, he is legally innocent of either damaging or stealing the property "of another" and thus should not have been convicted of malicious injury to property or larceny of an automobile.

The district court addressed these arguments at great length and with great care. See Burnett III, slip op. at 4-10. For substantially the same reasons as the district court, we agree that Burnett has not made a showing of factual innocence sufficient to get around the procedural bar because he has presented no evidence from which we could conclude that "it is more likely than not that no reasonable

juror would have convicted him" had he gone to trial on the contested charges.[7]

See Schlup v. Delo, 513 U.S. 298, 327-28 (1995). As such, we are precluded

from further review of the merits of Burnett's claims.


**CONCLUSION**

For the foregoing reasons, this appeal is DISMISSED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[7] Even when considering the evidence of ownership that Burnett believes his attorney should have offered in his defense, we find that Burnett has made no colorable demonstration of actual innocence on either of the contested convictions. Therefore, we find it highly unlikely that Burnett could have demonstrated prejudice from his attorney's allegedly ineffective assistance even if we had determined that we were not procedurally barred from reviewing that claim on the merits.