FILED
United States Court of Appeals
Tenth Circuit

December 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TERRENCE R. BRIDGEFORTH,

      Plaintiff - Appellant,

v.

RANDALL G. WORKMAN,

      Defendant - Appellee.

No. 10-7059
(D. Ct. No. 6:09-CIV-00403-FHS-SPS)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Terrence R. Bridgeforth was an Oklahoma prisoner when he filed this pro se action under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights.[1] The district court dismissed the complaint for failure to exhaust

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]Mr. Bridgeforth has since been released from custody.

administrative remedies.  We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I.  DISCUSSION

The Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before suing over prison conditions.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure. *Jones v. Bock*, 549 U.S. 199, 218 (2007).  To exhaust remedies pursuant to the Oklahoma Department of Corrections' ("ODOC") grievance procedures, a prisoner must first attempt to informally resolve his complaint by talking with prison staff within three days of the incident.  If not resolved, the prisoner must submit a Request to Staff within seven days of the incident.  Next, the inmate must submit a grievance report form within fifteen days of either the date of the incident or the date of the Request to Staff, whichever is later.  Finally, the inmate must submit an appeal that includes the Request to Staff, the grievance report, and the responses to the reviewing authority or the facility correctional health services administrator.

In this case, the district court dismissed the suit for failure to exhaust based on an affidavit from the ODOC's Manager of the Administrative Review Unit, which states that Mr. Bridgeforth has never submitted a proper grievance related to the claims in his § 1983 suit.  On appeal, Mr. Bridgeforth contends that he made good-faith efforts to comply with grievance procedures and that his interpretation of the ODOC's grievance procedures

were reasonable.  Even if this is the case, however, such a circumstance does not excuse failure to exhaust.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency [may address] the issues on the merits).") (quotations omitted).  Accordingly, we conclude that Mr. Bridgeforth has failed to exhaust administrative remedies as required under § 1997e(a).

## II.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Bridgeforth's complaint.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge