FILED
United States Court of Appeals
Tenth Circuit

January 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES V. CANTRALL,

  Petitioner - Appellant,

v.

C. CHESTER, Warden,

  Respondent - Appellee.

No.11-3167
(D.C. No. 10-CV-03197-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

James V. Cantrall, a pro se federal prisoner, seeks review of the district court's denial of his claim for relief under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that Mr. Cantrall has failed to exhaust available administrative remedies and therefore DISMISS his appeal.

Mr. Cantrall was incarcerated in a federal prison in Kansas after pleading guilty to drug charges. At Mr. Cantrall's sentencing in November 2008, the sentencing court imposed a two-point gun enhancement. While incarcerated, Mr. Cantrall participated in a Residential Drug Adjustment Program (RDAP). In May

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2010, Mr. Cantrall sought a one-year reduction in his sentence pursuant to 18 U.S.C. § 3621(e), which permits the Bureau of Prisons (BOP) to reduce an inmate's sentence by up to one year if he was convicted of a nonviolent offense and has successfully completed a RDAP. Mr. Cantrall's RDAP coordinator advised him that he would not receive the reduction due to his gun-related sentence enhancement.

In May 2010, Mr. Cantrall filed a "BP-8" informal resolution, seeking administrative relief from BOP in regards to his RDAP coordinator's decision. His BP-8 request was denied. Mr. Cantrall then filed a "BP-9" appeal with his assigned counselor in the administrative appeals system, seeking the same one-year reduction and asking BOP to "[d]o away with unequal application of the law." His BP-9 request was rejected and returned on the grounds that he "did not attempt informal resolution prior to submission of administrative remedy, or . . . did not provide the necessary evidence of [his] attempt at informal resolution." Mr. Cantrall then filed a "BP-10" appeal to BOP's regional officer, submitting the exact language contained in his BP-9 appeal—that is, asking for a sentence reduction and asserting unequal application of the law, but not arguing that he had in fact attempted informal resolution and that his BP-9 appeal had nevertheless been improperly rejected. Mr. Cantrall's BP-10 request was rejected for two reasons: (1) that he had not attempted informal resolution, or had not provided evidence of having done so (i.e., the same reason given by the BP-9 rejection); and (2) that he needed first to file his BP-9 request through the

2

institution for the warden's review before filing a BP-10 appeal to that level. After that, Mr. Cantrall filed a "BP-11" appeal to the central office, once again submitting the identical language from initial appeal—and once again not addressing the procedural reasons for which his last appeal had been denied. That B-11 appeal was rejected for having been submitted to the wrong level, and Mr. Cantrell was directed to re-file at a lower level.

At that point, in October 2010, having heard from the highest level in BOP's administrative appeals system, Mr. Cantrall brought his case to the district court for the District of Kansas. Seeking relief under 28 U.S.C. § 2241, Mr. Cantrall petitioned the district court to order the BOP to grant him a one-year sentence reduction under 18 U.S.C. § 3621(e). He argued that BOP's denial of the reduction based on the gun enhancement in his sentencing was both unconstitutional and contrary to the statutory directive, given that he was not convicted of the gun element, which was used only in sentencing. The district court ruled that it was initially inclined to reject Mr. Cantrall's petition on the grounds that Mr. Cantrall had failed to exhaust administrative remedies and, in the alternative, that his claim was without merit; but the court granted Mr. Cantrall leave to show cause why dismissal was inappropriate. After Mr. Cantrall responded, the district court denied relief, noting that it "continue[d] to question" whether Mr. Cantrall had exhausted available administrative remedies, and holding, in any case, that the petition was without merit.

3

We review de novo the district court's legal conclusions in dismissing Mr. Cantrall's § 2241 habeas petition. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . [though] [a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Id. (citations omitted). To achieve exhaustion in this case under BOP regulations, Mr. Cantrall needed first to attempt informal resolution of a dispute, then to submit a formal request for an administrative remedy to the institution, then to file a regional appeal followed by a national appeal. 28 C.F.R. §§ 542.13-14 and 542.15(a); see Garza, 596 F.3d at 1204. Crucially, "exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quotation marks omitted). Mere "good-faith efforts to comply with grievance procedures . . . do[] not excuse failure to exhaust." Bridgeforth v. Workman, 410 Fed. App'x 99, 100-01 (10th Cir. 2010) (unpublished).

In this case, Mr. Cantrall did not exhaust the BOP's available administrative remedies because, as the district court observed, his appeals were denied on procedural grounds, so the BOP never denied his claim on the merits. We recognize an exception to the exhaustion requirement in situations where exhaustion would be futile, Garza, 596 F.3d at 1203-04, but this is not such a situation. Mr. Cantrall's administrative appeals were rejected due to procedural

4

defects with his filings, and nothing suggests that the administrators necessarily would have rejected his claims on the merits had he complied with proper procedures or, if he was in compliance at the outset, had he pointed out to the administrators why the prior rejection of his claim on procedural grounds had been unwarranted. Indeed, the fact that Mr. Cantrell, as he notes, "did not ask for anything different at each step of the way" (ROA at 40) hurts his case, rather than helps it: it highlights Mr. Cantrell's failure to argue, in his series of administrative appeals, that his initial claim for relief was procedurally proper. Had he addressed that, perhaps the alleged procedural deficiency might have been cured, or recognized as non-existent, in which case he could have obtained a decision from BOP on the merits of his claim. Thus, as the futility exception does not apply because nothing indicates that administrative relief was "effectively foreclosed" to Mr. Cantrall, see Goodwin v. Oklahoma, 923 F.2d 156, 158 (10th Cir. 1991), we find that Mr. Cantrall failed to exhaust administrative remedies prior to filing his § 2241 habeas petition.

For the foregoing reasons, without reaching the merits of Mr. Cantrall's claim, we DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

5