FILED
United States Court of Appeals
Tenth Circuit

February 12, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

HAROLD JEROME THORNTON,

Petitioner - Appellant,

v.

C. DANIELS, Warden,

Respondent - Appellee.

No. 13-1433
D. Colorado
(D.C. No. 1:13-CV-00960-LTB)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Applicant and appellant, Harold Jerome Thornton, proceeding *pro se*, appeals the denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also requests permission to proceed on appeal *in forma pauperis*. For the following reasons, we affirm the district court's denial of his motion, and we deny his request to proceed *in forma pauperis*.

## BACKGROUND

Mr. Thornton is a prisoner in the custody of the United States Bureau of Prisons, currently housed at the United States Penitentiary ("USP") in Jonesville, Virginia. This appeal stems from an Incident Report issued to Mr. Thornton while he was housed at the USP in Allenwood, Pennsylvania. While there, Mr. Thornton was issued Incident Report No. 2156390, in which he was charged with possessing two weapons in his cell. At the Discipline Hearing Officer ("DHO") hearing, Mr. Thornton pled guilty to the charge. On June 8, 2011, the DHO imposed a sanction of, *inter alia*, forfeiture of forty days of good time credits.

The primary issue in this case is whether Mr. Thornton exhausted his administrative remedies in relation to this Incident Report and resulting sanctions. On or about November 4, 2011, Mr. Thornton attempted to file with the Regional Director an appeal of his DHO conviction following the Incident Report. As we discuss more fully, *infra*, this was late, inasmuch as an appeal from the June 8, 2011, DHO decision was due within twenty days. On November 8, 2011, the

-2-

appeal (denominated AR 663926-RI) was rejected because, *inter alia*, Mr. Thornton failed to attach a copy of the DHO Report or otherwise identify the charges and the date of the DHO action he was attempting to appeal. He was given ten days in which to resubmit his appeal.

Instead of resubmitting his appeal, on November 9, 2011, Mr. Thornton attempted to appeal from the Regional Director's rejection of AR 663926-R1 to the Central Office. On November 17, 2011, the Central Office rejected the appeal on the ground that Mr. Thornton was required first to file a completed BP-10 form with the Regional Office. He was advised to resubmit his appeal to the Regional Director for review and determination, and to provide the Regional Director with a copy of the DHO Report and/or identify the charges and the date of the DHO action and sanctions.

On December 2, 2011, Mr. Thornton resubmitted his appeal to the Regional Director. This appeal (denominated AR 663926-R2) was rejected on procedural grounds as untimely. Mr. Thornton was also advised that, in view of its untimeliness, he needed to provide verification by the BOP staff of the reason or reasons the appeal was untimely.

On January 27, 2012, Mr. Thornton attempted to appeal the rejection of AR 663926-R2 to the Central Office. The Central Office, in turn, rejected the appeal (in a document denominated AR 663926-A2) on the ground that Mr. Thornton needed to submit his appeal first to the Regional Office for its decision, and to

provide the Regional Office with a copy of the DHO report and/or identify the charges and date of the DHO action.

More than a year later, on March 18, 2013, Mr. Thornton attempted to refile AR 663926-A2 at the regional level. This appeal (designated AR 663926-R3) was rejected on procedural grounds as untimely, and Mr. Thornton was advised that he had failed to follow the instructions given to him previously to provide staff verification for his untimely appeal. Mr. Thornton has not attempted to resubmit AR 663926-R3 at any level of the administrative process.

In the meantime, on November 8, 2011, Mr. Thornton attempted to file directly with the Central Office a second administrative remedy challenging the DHO's findings in the original Incident Report 2156390. That administrative remedy was designated AR 665083-A1. This appeal was rejected on procedural grounds because he submitted the remedy to the wrong level or office. Mr. Thornton was advised that he must "first file a BP-10 with the regional office." Lundy Decl. at ¶ 19; R. Vol. I at 75. Mr. Thornton did not resubmit AR 665083-A1 at any level of administrative review.

Mr. Thornton then filed with the federal district court his application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, followed by an amended application. At the time he initiated this habeas action, Mr. Thornton was incarcerated at USP Florence in the District of Colorado.

In his amended § 2241 habeas application, Mr. Thornton asserted three claims. In claims one and two, he challenged his disciplinary conviction in connection with Incident Report No. 2156390. He alleged that: he had been issued a forged incident report; he had been denied an adequate investigation into the disciplinary charge; he had been forced to admit his guilt; he had been denied a staff representative at his disciplinary hearing; and he had been found guilty by a biased DHO. In claim three, Mr. Thornton alleged that his underlying criminal sentence was enhanced unlawfully by prior convictions because the prosecution had failed to comply with the procedural requirements of 21 U.S.C. § 851.

The government filed a response to Mr. Thornton's amended habeas application; Mr. Thornton declined to file a reply.

The district court dismissed the habeas application. The court dismissed claims one and two for failure to exhaust administrative remedies. The court dismissed claim three for lack of jurisdiction, on the ground that Mr. Thornton had an adequate and effective remedy in 28 U.S.C. § 2255. This appeal followed.

**DISCUSSION**

"We review the district court's dismissal of a § 2241 habeas petition de novo." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). As we have stated before, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not

expressly contain such a requirement." Id.; see Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (noting that "judicial intervention is usually deferred until administrative remedies have been exhausted"). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203.

As the district court explained, consistent with our Garza decision, Bureau of Prisons ("BOP") regulations "require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution." Id. at 1204; see 28 C.F.R. §§ 542.13-14. The inmate must submit "a formal written Administrative Remedy Request . . . [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 543.14(a). "If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal." Garza, 596 F.3d at 1204; see 28 C.F.R. § 542.15(a). An inmate has twenty calendar days to appeal a decision to the Regional Director. 28 C.F.R. § 542.15(a). An inmate "who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the

-6-

process.  Id. § 542.17(a).  When a submission is rejected, the inmate is given written notice as to the reason for the rejection, and if the defect is correctable, the inmate is given a reasonable extension of time to correct the defect and resubmit the appeal.  Id. § 542.17(b).  If an appeal is rejected and the inmate is not given the opportunity to correct the defect, the inmate may appeal the rejection to the next level of appeal.  Id. § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  Id.

As indicated, an inmate has twenty days to appeal the DHO's decision to the Regional Director.  28 C.F.R. § 542.14(a).  After finding that Mr. Thornton committed the acts charged in Incident Report 2156390, the DHO sanctioned Mr. Thornton on June 8, 2011.  Mr. Thornton was accordingly required to appeal the DHO's decision by June 28, 2011.  BOP records indicate that Mr. Thornton did not submit his appeal until November 4, 2011, some five months later.  He accordingly failed to timely commence the exhaustion of his remedies.  Furthermore, as the above factual statement indicates, Mr. Thornton's belated November 4 appeal also failed to include a copy of the DHO Report or identify the action he was appealing.

He did, however, make efforts to belatedly exhaust his remedies.  As indicated, his initial attempted appeal of the DHO sanction was filed some five months late, and omitted required information.  The Regional Director rejected

-7-

the appeal on November 8, 2011, because Mr. Thornton failed to provide the Regional Office with a copy of the DHO Report or otherwise identify the charges and dates of the DHO action. He was given ten days to resubmit his appeal, but failed to do so.

Instead of resubmitting his appeal with the correct information, Mr. Thornton attempted to appeal the Regional Director's rejection of AR 663926-R1, but the Central Office, in turn, rejected his appeal, and Mr. Thornton was again told he needed to provide a copy of the DHO Report or to identify the charges and date of the DHO's action. On December 2, 2011 (long after the expiration of the ten-day-period he had been given in which to resubmit to the Regional Director his rejected appeal), Mr. Thornton *did* resubmit his appeal (AR 663926-R2) to the Regional Director. It was again rejected, this time as untimely and without verified explanation for its untimeliness. He then attempted to appeal the rejection of AR 663926-R2 to the Central Office, but the Central Office rejected the appeal, again telling Mr. Thornton that he needed to provide a copy of the DHO report and/or provide more information about the DHO action. It appears that Mr. Thornton has never provided that information to the Regional Director or the Central Office. Furthermore, although he was repeatedly asked to provide some excuse or reason for his untimely filings, with verification by BOP staff, he never did so.

The Supreme Court has stated that "proper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Mere "good-faith efforts to comply with grievance procedures . . . do[] not excuse failure to exhaust." Bridgeforth v. Workman, No. 10-7059, 410 Fed. Appx. 99, 100-01 (2010 WL 5018240, at *1 (10th Cir. Dec. 9, 2010) (unpublished).[1] The record in this case shows that Mr. Thornton failed to comply with the BOP's grievance procedures. And while we afford Mr. Thornton's filings a liberal construction, we will not excuse his failure to comply with the rules of procedure or the regulatory grievance structure. See Ogden v. San Juan Cnty, 32 F.3d 452, 455 (10th Cir. 1994).[2] Accordingly, we agree with the district court's conclusion that Mr. Thornton failed to exhaust his administrative remedies.

As indicated above, a "narrow exception to the exhaustion requirement applies if an applicant can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203. Mr. Thornton argues that "Case Manager T. Burke would not provide the proper forms for grievance." Appellant's Op. Br. at 5. Nonetheless, he

---

[1]While we do not ordinarily cite unpublished opinions, we cite this unpublished opinion because it correctly states circuit precedent.

[2]The Supreme Court has affirmed the dismissal of an FTCA claim by a *pro se* plaintiff who failed to exhaust administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

attached to his amended habeas application a copy of a November 28, 2011, Memorandum for Administrative Remedy File, which was prepared by his unit manager and which states that the manager had provided Mr. Thornton with "documents" he needed for his appeal of "incident report number 2156390." Memorandum, attached to Petition for Writ of Habeas Corpus. He never has shown that he presented to any appellate body the materials or information which he was repeatedly told he needed to provide, nor has he provided any evidence or record support for any claim that he was prevented from providing such materials or information.

In any event, we agree with the district court that Mr. Thornton failed to establish that the futility exception to the exhaustion requirement applies to his case. The district court properly dismissed the first two claims of Mr. Thornton's amended habeas application.

Mr. Thornton's third (and final) claim in his amended petition asserted that the sentencing court unlawfully enhanced his sentence with prior convictions and failed to comply with the procedural requirements of 21 U.S.C. § 851. The district court dismissed this claim for lack of jurisdiction.

As the Respondent points out, Mr. Thornton does not challenge this conclusion by the district court. Rather, he raises a number of other unrelated issues, none of which he raised below. He has accordingly waived any objection to the district court's disposition of claim three in his amended habeas

application. Furthermore, we need not address the issues Mr. Thornton raises for the first time in his appellate brief. See Fischer v. Forestwood Co., Inc., 525 F.3d 972, 978 n.2 (10th Cir. 2008) ("[A]rguments not raised in the district court are waived on appeal) (citing Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc., 413 F.3d 1163, 1167 (10th Cir. 2005)).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's Order of Dismissal, and we DENY Mr. Thornton's request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge